Allan L. Schare (State Bar No. 126305)
aschare@tocounsel.com
Stephen D. Weisskopf (State Bar No. 213596)
sweisskopf@tocounsel.com
**THEODORA ORINGHER PC**
10880 Wilshire Boulevard, Suite 1700
Los Angeles, California 90024-4101
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for Specially Appearing Defendant Xiamen Lota International Co., Ltd.

THEODORA TO ORINGHER COUNSELORS AT LAW

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MUELLER INDUSTRIES, INC., MUELLER STREAMLINE CO., and B&K INDUSTRIES, INC.,

Plaintiffs,

vs.

XIAMEN LOTA INTERNATIONAL CO., LTD, LOTA USA LLC, ALLEN WU, GRACE CHEN, and DOES 1-10,

Defendants.

Case No. CV 11-03922 JAK (SSx)

**DECLARATIONS OF GRACE CHEN AND ALLAN L. SCHARE IN SUPPORT OF SPECIALLY APPEARING DEFENDANT XIAMEN LOTA INTERNATIONAL CO., LTD.'S MOTION TO DISMISS THE COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS**

[Fed. Rules of Civ. Proc. 12(b)(5)]

[Filed concurrently with 12(b)(5) Motion]

Date: August 1, 2011
Time: 1:30 p.m.
Place: Courtroom 750

Complaint Filed: May 6, 2011

Specially appearing defendant Xiamen Lota International Co., Ltd. hereby submits the following declarations of Grace Chen and Allan L. Schare in support of its motion to dismiss the complaint for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(5):

THEODORA ORINGHER COUNSELORS AT LAW

# DECLARATION OF GRACE CHEN

I, Grace Chen, declare as follows:

1. I am a citizen and resident of the People's Republic of China. I have served as the President of Xiamen Lota International Co., Ltd. ("Xiamen Lota") since 2006. In my capacity as President, I have personal knowledge of Xiamen Lota's business structure, dealings and operations. This declaration is offered in connection with Xiamen Lota's motion to dismiss the Complaint for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. I am personally familiar with the facts set forth herein and, if called as a witness, could and would testify competently as to those facts.

2. I am able to read, write and speak English reasonably well in the business context. However, Allen Wu, the owner and Chairman and CEO of Xiamen Lota, does not read, write or speak English at all. His native language is Mandarin Chinese, and he will require a translation of the legal documents in this case, including the Complaint, in order to understand them.

3. Xiamen Lota was founded in 1990 and is located in the City of Xiamen, Fujian Province, People's Republic of China. Xiamen Lota is a manufacturer of faucets, bathroom accessories, shower accessories, valves and other plumbing products. All of Xiamen Lota's manufacturing activities are conducted in China. Xiamen Lota has no operations whatsoever in the United States.

4. Xiamen Lota does not maintain any office mailing or physical address, agent for service of process, telephone, bank accounts or other assets in California (or anywhere else in the United States).

5. Xiamen Lota is neither authorized nor licensed to conduct business in California (or anywhere else in the United States).

6. Xiamen Lota does not own or lease any real property located in California (or anywhere else in the United States).

7. Xiamen Lota does not have any employees who are residents of California, or work out of any office in California; nor does Xiamen Lota have any employees residing, or working out of offices located, anywhere else in the United States.

8. Xiamen Lota does not retain or hire any sales representatives in California or elsewhere in the United States to direct advertising or marketing activities toward residents of California.

9. On or about March 1, 2009, Xiamen Lota, Lota Corp. (a separate corporation organized and existing under the laws of the Malaysian Federal Territory of Labuan) and Lota USA LLC ("Lota USA") entered into a Sales Representative Agreement (the "Agreement"), true and correct copies of selected excerpts from which are attached hereto as Exhibit "A." I participated in the negotiation and drafting of the Agreement, which makes clear that Xiamen Lota is not directly involved in the sales or distributions of its products to places outside of China and that Lota USA is not its agent for that or any other purpose.

10. Specifically, pursuant to the Agreement, Xiamen Lota has appointed Lota Corp. as Xiamen Lota's distributor for the sale of Xiamen Lota's products outside of China. Lota Corp., in turn, has selected and appointed Lota USA to act as its sales representative to promote Xiamen Lota products in North America, including California.

a. Lota USA was appointed by Lota Corp., not by Xiamen Lota. (Exh. A §1).

b. Lota USA is compensated by Lota Corp., not by Xiamen Lota. (Exh. A §2.1).

c. Lota USA acts at the direction Lota Corp., not Xiamen Lota. For example, Lota USA forwards to Lota Corp. all proposals, requests for quotes, contract offers and orders for acceptance or rejection. Lota Corp. sets the prices and terms and conditions for all orders,

THEODORA ORINGHER COUNSELORS AT LAW

and has the sole right to modify them from time to time. (Exh. A §§ 4, 5, 6.1(c)).

d. Lota USA has no authority to accept any order on behalf of Lota Corp. or Xiamen Lota. Rather, Lota Corp. (not Xiamen Lota) maintains that authority. (Exh. A §4).

e. Lota USA is not the agent of Xiamen Lota or Lota Corp. and has no authority to bind Xiamen Lota or Lota Corp. in any respect. Rather, Lota USA is an independent contractor responsible only to provide the services set forth in section 6 of the agreement. (Exh. A §6 at p.4).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of June 2011, at Xiamen, People's Republic of China.

Grace Chen

THEODORA ORINGHER

THEODORA ORINGHER COUNSELORS AT LAW

## DECLARATION OF ALLAN L. SCHARE

I, Allan L. Schare, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a Senior Attorney with the firm Theodora Oringher PC, attorneys of record for specially appearing defendant Xiamen Lota International Co., Ltd. ("Xiamen Lota"). This declaration is offered in connection with Xiamen Lota's motion to dismiss the Complaint for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. I am personally familiar with the facts set forth herein and, if called as a witness, could and would testify competently as to those facts.

2. Attached hereto as Exhibit "B" is a true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

3. Attached hereto as Exhibit "C" are true and correct copies of documents obtained from the website http://www.travel.state.gov maintained by the United States Department of State, confirming that China is a party to the Hague Convention. The attached documents make clear that:

a. China is a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (Exh. C at p. 1);

b. Service can be effected in China through the Chinese Central Authority (Exh. C at p. 1);

c. Documents to be served in China need to be translated and delivered to the foreign central authority (Exh. C at p. 1); and

d. China has objected to service of process by mail or any other method of service provided for in Article 10 of the Hague Convention (Exh. C at p. 1).

4. Attached hereto as Exhibit "D" is a true and correct copy of Proof of Service relating to the purported service of process on Xiamen Lota which was filed by Plaintiffs in the above-captioned action.

5. On June 17, 2011 I sent an email to Michael Hartley, counsel for plaintiffs, inquiring (among other things) whether plaintiffs had yet transmitted papers to the Chinese authorities in Beijing seeking service of process upon defendants Xiamen Lota, Allen Wu and Grace Chen. Mr. Hartley responded to my email on June 20, 2011 confirming that plaintiffs have done so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of June 2011, at Los Angeles, California.

[signature]

Allan L. Schare

THEODORA ORINGHER COUNSELORS AT LAW

# EXHIBIT "A"

# SALES REPRESENTATIVE AGREEMENT

**BETWEEN**

**XIAMEN LOTA INTERNATIONAL CO., LTD.,**

**-LOTA CORP.**

**AND**

**LOTA USA LLC**

**March 1, 2009**

**SALES REPRESENTATIVE AGREEMENT**

THIS SALES REPRESENTATIVE AGREEMENT is made as of the first day of March, 2009 (this "Agreement") by and among Xiamen Lota International Co., Ltd. ("Manufacturer"), Lota Corp., a corporation incorporated under the laws of the Malaysian Federal Territory of Labuan ("Distributor") and Lota USA LLC, a Delaware limited liability company ("Representative"). Manufacturer, Distributor and Representative are together referred to as the "Parties" and individually as a "Party".

**Recitals**

WHEREAS, Distributor has been appointed as the sole and exclusive distributor for the sale, outside the People's Republic of China, of all products now or hereinafter manufactured by or for Manufacturer and each other corporation, partnership, association, or limited liability company, trust or other entity 51% or more owned, controlling, controlled by or under common control with Manufacturer (the "Lota Group") or 51% or more owned or controlled, directly or indirectly, by Allen Wu or his family (the "Products"); and

WHEREAS, the Parties desire that Representative be appointed as the sole and exclusive sales representative for all of such products in North America and such other territories outside of the People's Republic of China as Distributor and Manufacturer may from time to time agree;

NOW THEREFORE, in consideration of the mutual promises and covenants hereinafter set forth, the Parties agree as follows:

**1. APPOINTMENT AND ACCEPTANCE AS SOLE AND EXCLUSIVE SALES REPRESENTATIVE.** Distributor appoints Representative, and Representative accepts the appointment, as Distributor's sole and exclusive sales representative to promote the Products, in North America and such other countries as the Parties may agree upon from time to time (collectively, the "Territory").

During the Term (as defined below), neither Distributor nor Manufacturer shall appoint nor permit other members of the Lota Group to appoint any other sales representative to promote or solicit orders for the Products from customers in North America. During the Term, Representative shall not represent, promote, manufacture, advertise, offer for sale, sell or recommend any product competitive with the Products.

**2. COMPENSATION.**

2.1 Sales Commission. As Representative's compensation for services performed hereunder, Distributor shall pay Representative a sales commission equal to

REDACTED

REDACTED

**4. ACCEPTANCE OF ORDERS AND COLLECTION RESPONSIBILITY.** All orders received or solicited by Representative shall be subject to acceptance or rejection by an authorized officer of Distributor at its office in Labuan F.T. or other Asian office. Representative shall have no authority to accept any order for Products. Distributor shall be responsible for all collections, provided that Representative shall assist in collection efforts upon Distributor's request.

**5. TERMS OF SALE.** Representative shall solicit orders solely at prices and upon terms and conditions provided by and acceptable to the Distributor. Distributor shall have the right in its discretion, from time to time, to establish, change, alter or amend prices and other terms and conditions of sale.

**6. RESPONSIBILITIES OF REPRESENTATIVE, MANUFACTURER AND DISTRIBUTOR.**

6.1 Solicitation of Business. Representative shall use its commercially reasonable efforts to promote and solicit orders for Products in the Territory. In connection with the foregoing, Representative shall:

(a) conduct its business consistent with the provisions of this Agreement;

(b) pay all business expenses relating to its obligations under this Agreement;

(c) promptly forward to Distributor all proposals, requests for quotes, contract offers, and orders received by Representative for Products;

(d) provide support and assistance to Distributor in Distributor's negotiation of contracts with its customers in the Territory (it being understood that only Distributor has the right to make and execute any such agreement);

(e) participate at its own cost in trade shows in the Territory; and

(f) maintain a record of customers and provide such record and a summary of the service performed in relation thereto, upon the Distributor's request.

6.2 Other Duties. In consideration of the commissions payable hereunder, Representative shall also:

(a) provide support and assistance to Distributor at Distributor's request in Distributor's collection efforts with respect to unpaid invoices in the Territory;

(b) cooperate fully with Distributor and Manufacturer in dealing with any customer complaints or other matters concerning any Product, including assistance in administration of insurance coverage for any claims;

(e) maintain showrooms and store sample of Products owned by Distributor or Manufacturer for product demonstration purposes and store replacement parts owned by Distributor or Manufacturer to be furnished to customers without charge; and

Nothing in this Agreement shall be construed to constitute Representative as the partner, employee or agent of the Manufacturer or Distributor nor shall Representative have any authority to bind Distributor or Manufacturer in any respect, it being intended that Representative shall remain an independent contractor responsible for services provided under this Agreement.

REDACTED

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year fist above written in multiple counterparts, each of which shall be considered an original.

**Xiamen Lota International Co., Ltd.**

By:________________________

Name:________________________

Title:________________________

**Lota USA LLC**

By:________________________

Name:________________________

Title:________________________

**Lota Corp.**

By:________________________

Name:________________________

Title:________________________

# EXHIBIT "B"

Switch Client | Preferences | Help | Sign Out

| Search | Get a Document | *Shepard's®* | More | History | Alerts |
|---|---|---|---|---|---|

**FOCUS™** Terms Search Within Original Results (1 - 1) View Tutorial
Advanced...

Service: **Get by LEXSEE®**
Citation: **20 U.S.T. 361**

*20 U.S.T. 361; 1969 U.S.T. LEXIS 152, **

U.S. Treaties on LEXIS

MULTILATERAL

Service Abroad of Judicial and Extrajudicial Documents

TIAS 6638

20 U.S.T. 361; 1969 U.S.T. LEXIS 152

November 15, 1965, Date-Signed

February 10, 1969, Date-In-Force

**STATUS:**
**[*1]** Convention done at The Hague November 15, 1965;
Ratification advised by the Senate of the United States of America April 14, 1967;
Ratified by the President of the United States of America April 24, 1967;
Ratification of the United States of America deposited with the Ministry of Foreign Affairs of the Netherlands August 24, 1967; n1
Proclaimed by the President of the United States of America January 8, 1969;
Entered into force February 10, 1969.

n1 For designations and declarations made in connection with the deposit, see page 373. [Footnote added by the Department of State.]

CONVENTION RELATIVE A LA SIGNIFICATION ET LA NOTIFICATION A L'ETRANGER DES ACTES JUDICIAIRES ET EXTRAJUDICIAIRES EN MATIERE CIVILE OU COMMERCIALE
CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS

**TEXT:**
BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

A PROCLAMATION

WHEREAS the convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters done at The Hague on November 15, 1965, was signed for the United States of America on that same date;

WHEREAS a certified copy of the text of the said convention in the English and **[*2]** French languages is word for word as follows:

Les Etats signataires de la presente Convention,

Exhibit B
Page 12

Desirant creer les moyens appropries pour que les actes judiciaires et extrajudiciaires qui doivent etre signifies ou notifies a l'etranger soient connus de leurs destinataires en temps utile,

Soucieux d'ameliorer a cette fin l'entraide judiciaire mutuelle en simplifiant et en accelerant la procedure,

Ont resolu de conclure une Convention a ces effets et sont convenus des dispositions suivantes:

Article premier

La presente Convention est applicable, en matiere civile ou commerciale, dans tous les cas ou un acte judiciaire ou extrajudiciaire doit etre transmis a l'etranger pour y etre signifie ou notifie.

La Convention ne s'applique pas lorsque l'adresse du destinataire de l'acte n'est pas connue.

CHAPITRE I - ACTES JUDICIAIRES

Article 2

Chaque Etat contractant designe une Autorite centrale qui assume, conformement aux articles 3 a 6, la charge de recevoir les demandes de signification ou de notification en provenance d'un autre Etat contractant et d'y donner suite.

L'Autorite centrale est organisee selon les modalites prevues par l'Etat requis.

Article 3

L'autorite ou l'officier ministeriel **[*3]** competents selon les lois de l'Etat d'origine adresse a l'Autorite centrale de l'Etat requis une demande conforme a la formule modele annexee a la presente Convention, sans qu'il soit besoin de la legalisation des pieces ni d'une autre formalite equivalente.

La demande doit etre accompagnee de l'acte judiciaire ou de sa copie, le tout en double exemplaire.

Article 4

Si l'Autorite centrale estime que les dispositions de la Convention n'ont pas ete respectees, elle en informe immediatement le requerant en precisant les griefs articules a l'encontre de la demande.

Article 5

L'Autorite centrale de l'Etat requis procede ou fait proceder a la signification ou a la notification de l'acte:

a) soit selon les formes prescrites par la legislation de l'Etat requis pour la signification ou la notification des actes dresses dans ce pays et qui sont destines aux personnes se trouvant sur son territoire,

b) soit selon la forme particuliere demandee par le requerant, pourvu que celle-ci ne soit pas incompatible avec la loi de l'Etat requis.

Sauf le cas prevu a l'alinea premier, lettre b), l'acte peut toujours etre remis au destinataire qui l'accepte volontairement.

Si l'acte doit etre signifie ou **[*4]** notifie conformement a l'alinea premier, l'Autorite centrale peut demander que l'acte soit redige ou traduit dans la langue ou une des langues officielles de son pays.

La partie de la demande conforme a la formule modele annexee a la presente Convention, qui contient les elements essentiels de l'acte, est remise au destinataire.

Article 6

L'Autorite centrale de l'Etat requis ou toute autorite qu'il aura designee a cette fin etablit une attestation conforme a la formule modele annexee a la presente Convention.

L'attestation relate l'execution de la demande; elle indique la forme, le lieu et la date de l'execution ainsi que la personne a laquelle l'acte a ete remis. Le cas echeant, elle precise le fait qui aurait empeche l'execution.

Le requerant peut demander que l'attestation qui n'est pas etablie par l'Autorite centrale ou par une autorite judiciair soit visee par l'une de ces autorites.

L'attestation est directement adressee au requerant.

Article 7

Les mentions imprimees dans la formule modele annexee a la presente Convention sont obligatoirement redigees soit en langue francaise, soit en langue anglaise. Elles peuvent, en outre, etre redigees dans la langue ou une des langues officielles **[*5]** de l'Etat d'origine.

Les blancs correspondant a ces mentions sont remplis soit dans la langue de l'Etat requis, soit en langue francaise, soit en langue anglaise.

Article 8

Chaque Etat contractant a la faculte de faire proceder directement, sans contrainte, par les soins de ses agents diplomatiques ou consulaires, aux significations ou notifications d'actes judiciaires aux personnes se trouvant a l'etranger.

Tout Etat peut declarer s'opposer a l'usage de cette faculte sur son territoire, sauf si l'acte doit etre signifie ou notifie a un ressortissant de l'Etat d'origine.

Article 9

Chaque Etat contractant a, de plus, la faculte d'utiliser la voie consulaire pour transmettre, aux fins de signification ou de notification, des actes judiciaires aux autorites d'un autre Etat contractant que celui-ci a designees.

Si des circonstances exceptionnelles l'exigent, chaque Etat contractant a la faculte d'utiliser, aux memes fins, la voie diplomatique.

Article 10

La presente Convention ne fait pas obstacle, sauf si l'Etat de destination declare s'y opposer:

a) a la faculte d'adresser directement, par la voie de la poste, des actes judiciaires aux personnes se trouvant a l'etranger,

b) a la faculte, **[*6]** pour les officiers ministeriels, fonctionnaires ou autres personnes competents de l'Etat d'origine, de faire proceder a des significations ou notifications d'actes

judiciaires directement par les soins des officiers ministeriels, fonctionnaires ou autres personnes competents de l'Etat de destination,

c) a la faculte, pour toute personne interessee a une instance judiciaire, de faire proceder a des significations ou notifications d'actes judiciaires directement par les soins des officiers ministeriels, fonctionnaires ou autres personnes competents de l'Etat de destination.

Article 11

La presente Convention ne s'oppose pas a ce que des Etats contractants s'entendent pour admettre, aux fins de signification ou de notification des actes judiciaires, d'autres voies de transmission que celles prevues par les articles qui precedent et notamment la communication directe entre leurs autorites respectives.

Article 12

Les significations ou notifications d'actes judiciaires en provenance d'un Etat contractant ne peuvent donner lieu au paiement ou au remboursement de taxes ou de frais pour les services de l'Etat requis.

Le requerant est tenu de payer ou de rembourser les frais occasionnes par: **[*7]**

a) l'intervention d'un officier ministeriel ou d'une personne competente selon la loi de l'Etat de destination,

b) l'emploi d'une forme particuliere.

Article 13

L'execution d'une demande de signification ou de notification conforme aux dispositions de la presente Convention ne peut etre refusee que si l'Etat requis juge que cette execution est de nature a porter atteinte a sa souverainete ou a sa securite.

L'execution ne peut etre refusee pour le seul motif que la loi de l'Etat requis revendique la competence judiciaire exclusive dans l'affaire en cause ou ne connait pas de voie de droit repondant a l'objet de la demande.

En cas de refus, l'Autorite centrale en informe immediatement le requerant et indique les motifs.

Article 14

Les difficultes qui s'eleveraient a l'occasion de la transmission, aux fins de signification ou de notification, d'actes judiciaires seront reglees par la voie diplomatique.

Article 15

Lorsqu'un acte introductif d'instance ou un acte equivalent a du etre transmis a l'etranger aux fins de signification ou de notification, selon les dispositions de la presente Convention, et que le defendeur ne comparait pas, le juge est tenu de surseoir a statuer aussi longtemps **[*8]** qu'il n'est pas etabli:

a) ou bien que l'acte a ete signifie ou notifie selon les formes prescrites par la legislation de l'Etat requis pour la signification ou la notification des actes dresses dans ce pays et qui sont destines aux personnes se trouvant sur son territoire,

b) ou bien que l'acte a ete effectivement remis au defendeur ou a sa demeure selon un autre

procede prevu par la presente Convention,

et que, dans chacune de ces eventualites, soit la signification ou la notification, soit la remise a eu lieu en temps utile pour que le defendeur ait pu se defendre.

Chaque Etat contractant a la faculte de declarer que ses juges, nonobstant les dispositions de l'alinea premier, peuvent statuer si les conditions suivantes sont reunies, bien qu'aucune attestation constatant soit la signification ou la notification, soit la remise, n'ait ete recue:

a) l'acte a ete transmis selon un des modes prevus par la presente Convention,

b) un delai que le juge appreciera dans chaque cas particulier et qui sera d'au moins six mois, s'est ecoule depuis la date d'envoi de l'acte,

c) nonobstant toutes diligences utiles aupres des autorites competentes de l'Etat requis, aucune attestation n'a pu etre **[*9]** obtenue.

Le present article ne fait pas obstacle a ce qu'en cas d'urgence, le juge ordonne toutes mesures provisoires ou conservatoires.

Article 16

Lorsqu'un acte introductif d'instance ou un acte equivalent a du etre transmis a l'etranger aux fins de signification ou de notification, selon les dispositions de la presente Convention, et qu'une decision a ete rendue contre un defendeur qui n'a pas comparu, le juge a la faculte de relever ce defendeur de la forclusion resultant de l'expiration des delais de recours, si les conditions suivantes sont reunies:

a) le defendeur, sans qu'il y ait eu faute de sa part, n'a pas eu connaissance en temps utile dudit acte pour se defendre et de la decision pour exercer un recours,

b) les moyens du defendeur n'apparaissent pas denues de tout fondement.

La demande tendant au releve de la forclusion est irrecevable si elle n'est pas formee dans un delai raisonnable a partir du moment ou le defendeur a eu connaissance de la decision.

Chaque Etat contractant a la faculte de declarer que cette demande est irrecevable si elle est formee apres l'expiration d'un delai qu'il precisera dans sa declaration, pourvu que ce delai ne soit pas inferieur a un an **[*10]** a compter du prononce de la decision.

Le present article ne s'applique pas aux decisions concernant l'etat des personnes.

CHAPITRE II - ACTES EXTRAJUDICIAIRES

Article 17

Les actes extrajudiciaires emanant des autorites et officiers ministeriels d'un Etat contractant peuvent etre transmis aux fins de signification ou de notification dans un autre Etat contractant selon les modes et aux conditions prevus par la presente Convention.

CHAPITRE III - DISPOSITIONS GENERALES

Article 18

Tout Etat contractant peut designer, outre l'Autorite centrale, d'autres autorites dont il determine les competences.

Toutefois, le requerant a toujours le droit de s'adresser directement a l'Autorite centrale.

Les Etats federaux ont la faculte de designer plusieurs Autorites centrales.

Article 19

La presente Convention ne s'oppose pas a ce que la loi interne d'un Etat contractant permette d'autres formes de transmission non prevues dans les articles precedents, aux fins de signification ou de notification, sur son territoire, des actes venant de l'etranger.

Article 20

La presente Convention ne s'oppose pas a ce que des Etats contractants s'entendent pour deroger:

a) a l'article 3, alinea 2, en ce qui concerne **[*11]** l'exigence du double exemplaire des pieces transmises,

b) a l'article 5, alinea 3, et a l'article 7, en ce qui concerne l'emploi des langues,

c) a l'article 5, alinea 4,

d) a l'article 12, alinea 2.

Article 21

Chaque Etat contractant notifiera au Ministere des Affaires Etrangeres des Pays-Bas soit au moment du depot de son instrument de ratification ou d'adhesion, soit ulterieurement:

a) la designation des autorites prevues aux articles 2 et 18;

b) la designation de l'autorite competente pour etablir l'attestation prevue a l'article 6;

c) la designation de l'autorite competente pour recevoir les actes transmis par la voie consulaire selon l'article 9.

Il notifiera, le cas echeant, dans les memes conditions:

a) son opposition a l'usage des voies de transmission prevues aux articles 8 et 10,

b) les declarations prevues aux articles 15, alinea 2, et 16, alinea 3.

c) toute modification des designations, opposition et declarations mentionnees ci-dessus.

Article 22

La presente Convention remplacera dans les rapports entre les Etats qui l'auront ratifiee, les articles 1 a 7 des Conventions relatives a la procedure civile, respectivement signees a La Haye, le 17 juillet 1905 et le premier **[*12]** mars 1954, dans la mesure ou lesdits Etats sont Parties a l'une ou a l'autre de ces Conventions.

Article 23

La presente Convention ne porte pas atteinte a l'application de l'article 23 de la Convention relative a la procedure civile, signee a La Haye, le 17 juillet 1905, ni de l'article 24 de celle signee a La Haye, le premier mars 1954.

Ces articles ne sont toutefois applicables que s'il est fait usage de modes de communication identiques a ceux prevus par lesdites Conventions.

Article 24

Les accords additionnels auxdites Conventions de 1905 et de 1954, conclus par les Etats contractants, sont consideres comme egalement applicables a la presente Convention a moins que les Etats interesses n'en conviennent autrement.

Article 25

Sans prejudice de l'application des articles 22 et 24, la presente Convention ne deroge pas aux Conventions auxquelles les Etats contractants sont ou seront Parties et qui contiennent des dispositions sur les matieres reglees par la presente Convention.

Article 26

La presente Convention est ouverte a la signature des Etats representes a la Dixieme session de la Conference de La Haye de droit international prive.

Elle sera ratifiee et les instruments de ratification **[*13]** seront deposes aupres du Ministere des Affaires Etrangeres des Pays-Bas.

Article 27

La presente Convention entrera en vigueur le soixantieme jour apres le depot du troisieme instrument de ratification prevu par l'article 26, alinea 2.

La Convention entrera en vigueur, pour chaque Etat signataire ratifiant posterieurement, le soixantieme jour apres le depot de son instrument de ratification.

Article 28

Tout Etat non represente a la Dixieme session de la Conference de La Haye de droit international prive pourra adherer a la presente Convention apres son entree en vigueur en vertu de l'article 27, alinea premier. L'instrument d'adhesion sera depose aupres du Ministere des Affaires Etrangeres des Pays-Bas.

La Convention n'entrera en vigueur pour un tel Etat qu'a defaut d'opposition de la part d'un Etat ayant ratifie la Convention avant ce depot, notifiee au Ministere des Affaires Etrangeres des Pays-Bas dans un delai de six mois a partir de la date a laquelle ce Ministere lui aura notifie cette adhesion.

A defaut d'opposition, la Convention entrera en vigueur pour l'Etat adherant le premier jour du mois qui suit l'expiration du dernier des delais mentionnes a l'alinea precedent.

Article **[*14]** 29

Tout Etat, au moment de la signature, de la ratification ou de l'adhesion, pourra declarer que la presente Convention s'etendra a l'ensemble des territoires qu'il represente sur le plan international, ou a l'un ou plusieurs d'entre eux. Cette declaration aura effet au moment de l'entree en vigueur de la Convention pour ledit Etat.

Par la suite, toute extension de cette nature sera notifiee au Ministere des Affaires Etrangeres des Pays-Bas.

La Convention entrera en vigueur, pour les territoires vises par l'extension, le soixantieme jour

apres la notification mentionnee a l'alinea precedent.

Article 30

La presente Convention aura une duree de cinq ans a partir de la date de son entree en vigueur conformement a l'article 27, alinea premier, meme pour les Etats qui l'auront ratifiee ou y auront adhere posterieurement.

La Convention sera renouvclee tacitement de cinq en cinq ans, sauf denonciation.

La denonciation sera, au moins six mois avant l'expiration du delai de cinq ans, notifiee au Ministere des Affaires Etrangeres des Pays-Bas.

Elle pourra se limiter a certains des territoires auxquels s'applique la Convention.

La denonciation n'aura d'effet qu'a l'egard de l'Etat qui l'aura **[*15]** notifiee. La Convention restera en vigueur pour les autres Etats contractants.

Article 31

Le Ministere des Affaires Etrangeres des Pays-Bas notifiera aux Etats vises a l'article 26, ainsi qu'aux Etats qui auront adhere conformement aux dispositions de l'article 28:

a) les signatures et ratifications visees a l'article 26;

b) la date a laquelle la presente Convention entrera en vigueur conformement aux dispositions de l'article 27, alinea premier;

c) les adhesions visees a l'article 28 et la date a laquelle elles auront effet;

d) les extensions visees a l'article 29 et la date a laquelle elles auront effet;

e) les designations, opposition et declarations mentionnees a l'article 21;

f) les denonciations visees a l'article 30, alinea 3.

EN FOI DE QUOI, les soussignes, dument autorises, ont signe la presente Convention.

FAIT a La Haye, le 15 novembre 1965, en francais et en anglais, les deux textes faisant egalement foi, en un seul exemplaire, qui sera depose dans les archives du Gouvernement des Pays-Bas et dont une copie certifiee conforme sera remise, par la voie diplomatique, a chacun des Etats representes a la Dixieme session de la Conference de La Haye de droit international prive. **[*16]**

The States signatory to the present Convention,

Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,

Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,

Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

Article 1

Exhibit B
Page 19

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.

This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I - JUDICIAL DOCUMENTS

Article 2

Each contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States and to proceed in conformity with the provisions of articles 3 to 6.

Each State shall organise the Central Authority in conformity with its own law.

Article 3

The authority or judicial officer competent under the law of the State in which the documents originate **[*17]** shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either --

(a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

(b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph (b) of the first paragraph of this article, the document may always be served by delivery to an addressee who accepts it voluntarily.

If the document is to be served under the first paragraph above, **[*18]** the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present

Convention.

The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.

The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.

The certificate shall be forwarded directly to the applicant.

Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be **[*19]** written in the official language, or in one of the official languages, of the State in which the documents originate.

The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

Article 8

Each contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.

Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

Article 9

Each contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another contracting State wich are designated by the latter for this purpose.

Each contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

Article 10

Provided the State of destination does not object, the present Convention shall not interfere with --

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial **[*20]** officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Article 11

The present Convention shall not prevent two or more contracting States from agreeing to

permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding articles and, in particular, direct communication between their respective authorities.

Article 12

The service of judicial documents coming from a contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by --

(a) the employment of a judicial officer or of a person competent under the law of the State of destination,

(b) the use of a particular method of service.

Article 13

Where a request for service **[*21]** complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that --

(a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

(b) the document was actually delivered to the defendant **[*22]** or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled --

(a) the document was transmitted by one of the methods provided for in this Convention,

(b) a period of time of not less than six months, considered adequate by the judge in the

particular case, has elapsed since the date of the transmission of the document,

(c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, **[*23]** and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled --

(a) the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

(b) the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.

This article shall not apply to judgments concerning status or capacity of persons.

CHAPTER II - EXTRAJUDICIAL DOCUMENTS

Article 17

Extrajudicial documents emanating from authorities and judicial officers of a contracting State may be transmitted for the purpose of service in another contracting State by the methods **[*24]** and under the provisions of the present Convention.

CHAPTER III - GENERAL CLAUSES

Article 18

Each contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.

The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.

Federal States shall be free to designate more than one Central Authority.

Article 19

To the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

Article 20

The present Convention shall not prevent an agreement between any two or more contracting States to dispense with --

(a) the necessity for duplicate copies of transmitted documents as required by the second paragraph of article 3,

(b) the language requirements of the third paragraph of article 5 and article 7,

(c) the provisions of the fourth paragraph of article 5,

(d) the provisions of the second paragraph of article 12.

Article 21

Each contracting State shall, at the time **[*25]** of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following --

(a) the designation of authorities, pursuant to articles 2 and 18,

(b) the designation of the authority competent to complete the certificate pursuant to article 6,

(c) the designation of the authority competent to receive documents transmitted by consular channels, pursuant to article 9.

Each contracting State shall similarly inform the Ministry, where appropriate, of --

(a) opposition to the use of methods of transmission pursuant to articles 8 and 10,

(b) declarations pursuant to the second paragraph of article 15 and the third paragraph of article 16,

(c) all modifications of the above designations, oppositions and declarations.

Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, n1 and on 1st March 1954, n2 this Convention shall replace as between them articles 1 to 7 of the earlier Conventions.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 99 BFSP 990.

n2 286 UNTS 265

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*26]**

Article 23

The present Convention shall not affect the application of article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.

These articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

Article 24

Supplementary agreements between parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

Article 25

Without prejudice to the provisions of articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the contracting States are, or shall become, Parties.

Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.

It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

Article 27

The present Convention shall enter into force on the **[*27]** sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of article 26.

The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

Article 29

Any State may, at **[*28]** the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extention on the sixtieth day after the notification referred to in the preceding paragraph.

Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards **[*29]** the State which has notified it. The Convention shall remain in force for the other contracting States.

Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in article 26, and to the States which have acceded in accordance with article 28, of the following --

(a) the signatures and ratifications referred to in article 26;

(b) the date on which the present Convention enters into force in accordance with the first paragraph of article 27;

(c) the accessions referred to in article 28 and the dates on which they take effect;

(d) the extensions referred to in article 29 and the dates on which they take effect;

(e) the designations, oppositions and declarations referred to in article 21;

(f) the denunciations referred to in the third paragraph of article 30.

IN WITNESS WHEREOF the undersigned, being duly authorised thereto, have signed the present Convention.

DONE at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the **[*30]** diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

WHEREAS the Senate of the United States of America by its resolution of April 14, 1967, two-thirds of the Senators present concurring therein, did advise and consent to the ratification of the said convention;

WHEREAS the President of the United States of America on April 24, 1967 duly ratified the convention, in pursuance of the advice and consent of the Senate;

WHEREAS Article 27 provides that the convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification;

WHEREAS instruments of ratification were deposited with the Ministry of Foreign Affairs of the Netherlands as follows: United States of America on August 24, 1967; the United Kingdom of Great Britain and Northern Ireland on November 17, 1967; and the United Arab Republic on December 12, 1968;

AND WHEREAS, pursuant to the provisions of Article 27 of the convention, the convention will enter into force on February 10, 1969;

NOW, THEREFORE, be it known that I, Lyndon B. Johnson, President of the United States of America, do hereby proclaim and make public **[*31]** the convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, to the end that the convention and every article and clause thereof shall be observed and fulfilled with good faith on and after February 10, 1969, by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this eighth day of January in the year of our Lord one thousand nine hundred sixty-nine and of the Independence of the United States of America the one hundred ninety-third.

[SEAL]

**Designations and Declarations Made on the Part of the United States in Connection with the Deposit of the United States Ratification**

1. In accordance with Article 2, the United States Department of State is designated as the Central Authority to receive requests for service from other Contracting States and to proceed in conformity with Articles 3 to 6.

2. In accordance with Article 6, in addition to the United States Department of State, the United States Department **[*32]** of Justice and the United States Marshal or Deputy Marshal for the judicial district in which service is made are designated for the purpose of completing the certificate in the form annexed to the Convention.

3. In accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are fulfilled.

4. In accordance with the third paragraph of Article 16, it is declared that an application under Article 16 will not be entertained if it is filed (a) after the expiration of the period within which the same may be filed under the procedural regulations of the court in which the judgment has been entered, or (b) after the expiration of one year following the date of the judgment, whichever is later.

5. In accordance with Article 29, it is declared that the Convention shall extend to all the States of the United States, the District of Columbia, Guam, Puerto Rico, and the Virgin Islands.

**SIGNATORIES:**
Pour la Republique Federale d'Allemagne, **[*33]** sous reserve de ratification
(s.) KARL HERMANN KNOKE

Pour l'Autriche,

Exhibit B
Page 27

Pour la Belgique,
(s) VAN DER STRATEN 21 I 1966

Pour le Danemark,

Pour l'Espagne,

Pour les Etats-Unis d'Amerique,
(s.) WILLIAM ROYALL TYLER

Pour la Finlande,
(s.) SIGURD VON NUMERS

Pour la France,

Pour la Grece,

Pour l'Irlande,

Pour Israel
(s.) DAVID SHALTIEL 25.XI.1965

Pour l'Italie,

Pour le Japon,

Pour le Luxembourg,

Pour la Norvege,

Pour les Pays-Bas,
(s.) J. LUNS

Pour le Portugal,

Pour la Republique Arabe Unie,
(s) SAYED FAHMI 1st of March 1966

Pour le Royaume-Uni de Grande-Bretagne et d'Irlande du Nord,
(s) PETER GARRAN 10th December 1965

Pour la Suede,

Pour la Suisse,

Pour la Turquie,

Pour la Yougoslavie,

For the Federal Republic of Germany,
(s.) KARL HERMANN KNOKE

For Austria,

For Belgium,
(s) VAN DER STRATEN 21 I 1966

Exhibit B
Page 28

For Denmark,

For Spain,

For the United States of America,
(s.) WILLIAM ROYALL TYLER

For Finland,
(s.) SIGURD VON NUMERS

For France,

For Greece,

For Ireland,

For Israel,
(s.) DAVID SHALTIEL 25.XI.1965

For Italy,

For Japan,

For Luxembourg,

For Norway,

For the Netherlands,
(s.) J. LUNS

For Portugal,

For the United **[*34]** Arab Republic,
(s) SAYED FAHMI 1st of March 1966

For the United Kingdom of Great Britain and Northern Ireland,
(s) PETER GARRAN 10th December 1965

For Sweden,

For Switzerland,

For Turkey,

For Yugoslavia,

LYNDON B. JOHNSON

By the President: DEAN RUSK
*Secretary of State*

**APPENDICES:**
ANNEXE A LA CONVENTION

*Formules, de demande et d'attestation*

DEMANDE

Exhibit B
Page 29

AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A DETRANGER D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

Convention relative a la signification et a la notification a l'etrancer des actes judiciaires ou extrajudiclaires en matrere [ILLEGIBLE WORD] ou commerciale, signce a La Haye, le ____ 196

Identite et adresse du requerant

Adresse de l'autorite destinataire

Le requerant soussigne a l'honneur de faire parvenir -- en double exemplaire -- a l'autorite destinataire les documents ci-dessous enumeres, en la priant conformement a l'article 5 de la Convention precitee, d'en faire remettre sans retard un exemplaire au destinataire, savoir: (identite et adresse) ____
a) selon les formes legales (article 5, alinea premier, lettre a) *.
b) selon la forme particuliere suivante (article 5, alinea premier, lettre b) *: ____
c) le cas echeant, par remise **[*35]** simple (article 5, alinea 2) *.

Cette autorite est price de renvoyer ou de faire renvoyer au requerant un exemplaire de l'acte -- et de ses annexes * -- avec l'attestation figurant au verso.

*Enumeration des pieces* ____

Fait a ____, le ____

Signature et/ou cachet.

* Rayer les mentions inutiles.

*Verso de la demande*

ATTESTATION

L'autorite soussignee a l'honneur d'attester conformement a l'article 6 de ladite Convention,

1. que la demande a ete executee *

- le (date) ____

- a (localite, rue, numero) ____

- dans une des formes suivantes prevues a l'article 5:

a) selon les formes legales (article 5, alinea premier, lettre a) *.
b) selon la forme particuliere suivante *: ____
c) par remise simple *.

Les documents mentionnes dans la demande ont ete remis a:

- (identite et qualite de la personne) ____

- liens de parente, de subordination ou autres, avec le destinataire de l'acte: ____

2. que la demande n'a pas ete executee, en raison des faits suivants *: ____

Exhibit B
Page 30

Conformement a l'article 12, alinea 2, de ladite Convention, le requerant est prie de payer ou de rembourser les frais dont le detail figure au memoire ci-joint *.

*Anneses*
Pieces renvoyees: ____

Le cas echeant, **[*36]** les documents justificatifs de l'execution: ____

Fait a ____, le ____

Signature et/ou cachet.

* Rayer les meations inutiles.

ELEMENTS ESSENTIELS DE L'ACTE

Convention relative a la signification et a la notification a l'etranger des actes judiciaires et extrajudiciaires en matiere civile ou commerciale, signee a La Haye, le ____ 196.

(article 5, alinea 4)

Nom et adresse de l'autorite requerante: ____
Identite des parties *: ____

ACTE JUDICIAIRE **
Nature et objet de l'acte: ____
Nature et objet de l'instance, le cas echeant, le montant du litige: ____
Date et lieu de la comparution **: ____
Juridiction qui a rendu la decision **: ____
Date de la decision **: ____
Indication des delais figurant dans l'acte **: ____

ACTE EXTRAJUDICIAIRE **
Nature et objet de l'acte: ____
Indication des delais figurant dans l'acte **: ____
* S'il y a lieu, identite et adresse de la personne interesse a la transmission de l'acte.
** Rayer les mentions inutiles.

ANNEX TO THE CONVENTION

*Forms*

REQUEST

FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, ____ 196.

Identity and address **[*37]** of the applicant

Address of receiving authority

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e., (identity and address) ____

(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention *.
(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5) *: ____
(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5) *

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes * -- with a certificate as provided on the reverse side.

*List of documents* ____

Done at ____, the ____

Signature and/or stamp.

* Delete if inappropriate.

*Reverse of the request*

CERTIFICATE

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
1) that the document has been served *

- the (date) ____

- at (place, street, number) ____

- In one of the following methods authorised **[*38]** by article 5 --

> (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention *.
> (b) in accordance with the following particular method *: ____
> (c) by delivery to the addressee, who accepted it voluntarily *.

The documents referred to in the request have been delivered to:

- (identity and description of person) ____

- relationship to the addressee (family, business or other): ____

2) that the document has not been served, by reason of the following facts *: ____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement *

*Annexes*
Documents returned: ____

In appropriate cases, documents establishing the service: ____

Done at ____, the ____

Signature and/or stamp.

* Delete if inappropriate.

SUMMARY OF THE DOCUMENT TO BE SERVED

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, the ____ 196

(article 5, fourth paragraph)

Name and address of the requesting authority: ____
Particulars of the parties *: ____

JUDICIAL DOCUMENT **

Nature and purpose **[*39]** of the document: ____
Nature and purpose of the proceedings and, where appropriate, the amount in dispute: ____
Date and place for entering appearance **: ____
Court which has given judgment **: ____
Date of judgment **: ____
Time limits stated in the document **: ____

EXTRAJUDICIAL DOCUMENT **
Nature and purpose of the document: ____
Time limits stated in the document **: ____

* If appropriate, ideatity and address of the person interested in the transmission of the document.
** Delete if inappropriate.

COPIE CETIFIEE CONFORME a L'ORIGINAL

La Haye, le 23 mai 1966

Le Conseiller des Traites au Ministere des Affaires Etrangeres des Pays-Bas,

PROF. DR. A. M. STUYT

Service: **Get by LEXSEE®**
Citation: **20 U.S.T. 361**
View: Full
Date/Time: Monday, June 20, 2011 - 4:32 PM EDT

In

About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2011 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT "C"

# China Judicial Assistance

**DISCLAIMER:** This flyer seeks only to provide information; it is not an opinion on any aspect of U.S., Chinese, or international law. The U.S. Department of State does not intend by the contents of this flyer to take a position on any aspect of any pending litigation. Questions involving the interpretation of specific foreign laws should be addressed to foreign counsel.

**THIS INFORMATION DOES NOT APPLY TO THE HONG KONG AND MACAO SPECIAL ADMINISTRATIVE REGIONS.**

**AUTHORITIES**: Judicial assistance between the United States and China is governed by the Vienna Convention on Consular Relations, the U.S. - China Consular Convention, The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters and the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters.

**SERVICE OF PROCESS IN CHINA:** China is a party to the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters. Service can be effected in China under the Convention through the Chinese Central Authority. A request for service can be made by an attorney by submitting the documents to be served using the Convention form, in duplicate to the foreign central authority. "Duplicate" means a completed form, one original English version of the documents to be served (summons must bear seal of the court); one translation of all documents to be served; plus a photocopy of all of the above which constitutes the second set of documents). The Convention form itself does **not** need to be translated.

**SERVICE BY MAIL PROHIBITED:** Direct service by registered mail should **not** be used in China, which declared that it objects to service in accordance with Article 10, sub-paragraph (a) of the Convention, via postal channels.

**OTHER METHODS OF SERVICE:** China has also objected to the other methods of service provided for in Article 10 of the Convention which involve directly requesting that local judicial authorities or other appropriate officials effect service.

**COSTS:** All requests for service of process in civil and commercial matters must be accompanied by a $95 service fee, payable via international money order. Otherwise, they will be returned to the applicant. The money order should be made payable to the Supreme People's Court of the People's Republic of China. China's fee is reciprocal and based upon the costs for formal service under the Convention in the United States.

**CHINA CENTRAL AUTHORITY:** Contact and practical information on the Chinese Central Authority may be found on the Hague Conference website.

Exhibit C
Page 34

**TAKING OF EVIDENCE:** China is a party to the Hague Evidence Convention. Under its declarations to that Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Convention. Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. China does not permit American attorneys in China to take depositions for use in foreign courts. Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.

**TRANSMITTAL OF LETTERS OF REQUEST IN CIVIL AND COMMERCIAL MATTERS FOR THE TAKING OF EVIDENCE:** Requests for depositions or other evidence in civil and commercial matters may be forwarded directly to the Chinese Central Authority. Utilize the model letter of request annexed to the text of the Convention. Also see our general flyer on the operation of the Hague Evidence Convention and practical information concerning the Chinese Central Authority on the Hague Conference website.

**CHINESE CENTRAL AUTHORITY:** Contact and practical information on the Chinese Central Authority may be found on the Hague Conference website.

**PREPARATION OF LETTERS ROGATORY FOR USE IN CHINA IN CRIMINAL AND ADMINISTRATIVE MATTERS:** Letters rogatory requesting judicial assistance in China must bear the signature of the judge and seal of the court. Moreover, the letters rogatory should contain the following information: the name of the court making the request, the names of the parties, the subject matter of the litigation, the name and address of the witness, and written interrogatories and cross interrogatories where appropriate. The letters rogatory must be accompanied by a Chinese translation. For more information, consult our general flyer Preparation of Letters Rogatory.

**CHINESE ATTORNEYS/AMERICAN LAW FIRMS IN CHINA:** It is our understanding that Chinese law offices are within the jurisdiction and authority of the Ministry of Justice. Under the Ministry of Justice is the Department of Public Notaries and Lawyers, which in turn establishes legal advisory offices at provincial and local levels. All lawyers and public notaries in China are part of this system, and as such are employees of the State. Lawyers in the Chinese system therefore do not necessarily assume the advocacy role expected of lawyers in the United States, but rather have obligations to the State as well as to their clients. Anyone who retains the services of a lawyer in China should understand this difference between the American and Chinese legal systems. American law firms with a presence in China maintain representative offices which may provide legal advice to clients on commercial, tax, or economic law as it relates to investment in China by foreign firms.

**PROSECUTORS IN CRIMINAL MATTERS:** Local, state and federal prosecutors interested in obtaining evidence in China may also wish to consult the Office of International Affairs, Criminal Division, U.S. Department of Justice, Washington, D.C. 20520 at (202) 514-0015. When traveling to China in an official capacity in connection with a judicial assistance matter, government personnel must obtain formal host country clearance from Chinese authorities through the U.S.

Embassy in Beijing. Contact the Department of State, Office of Policy Review and Inter-Agency Liaison at askpri@state.gov for assistance.

**U.S. EMBASSY AND CONSULATES IN CHINA:**The U.S. Embassy in Beijing is located at No. 55 An Jia Lou Road, Chaoyang District□□□□□□□□□□□55□□. ; tel: (011-86-10) 8531-4000 if you are calling from the United States, or 010-8531-4000 if you are calling from China, amcitbeijing@state.gov. For the addresses, telephone and fax numbers of the Consulates in Guangzhou, Shanghai, Shenyang and Chengdu, consult our Country Specific Information for China. U.S. citizens traveling overseas are encouraged to register online with our Smart Traveler Enrollment Program (STEP). STEP allows you to enter information about your upcoming trip abroad so that the Department of State can better assist you in an emergency. You can alsosubscribe to receive updates on Travel Warnings, Travel Alerts and other information for a particular country.

Return to Judicial Assistance Page

Exhibit C
Page 36

# Status table

## 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

Entry into force: 10-II-1969

---

Last update: 8-IV-2011
Number of Contracting States to this Convention: 64

**View and/or print full status report**

---

1) S = Signature
2) R/A/Su = Ratification, Accession or Succession
3) Type = R: Ratification;
A: Accession;
A*: Accession giving rise to an acceptance procedure; click on A* for details of acceptances of the accession;
C: Continuation;
Su: Succession;
Den: Denunciation;
4) EIF = Entry into force
5) Ext = Extensions of application
6) Auth = Designation of Authorities
7) Res/D/N = Reservations, declarations or notifications

## Members of the Organisation (click here for the non-Member States)

| States | S[1] | R/A/Su [2] | Type [3] | EIF [4] | Ext [5] | Auth [6] | Res/D/N [7] |
|---|---|---|---|---|---|---|---|
| Albania | | 1-XI-2006 | A | 1-VII-2007 | | 3 | |
| Argentina | | 2-II-2001 | A | 1-XII-2001 | | 2 | D,Res 5,10,15,16 |
| Australia | | 15-III-2010 | A | 1-XI-2010 | 7 | 5 | D 5,8,9,10,15,16,17,29 |
| Belarus | | 6-VI-1997 | A | 1-II-1998 | | 1 | |
| Belgium | 21-I-1966 | 19-XI-1970 | R | 18-I-1971 | | 2 | D 8,15,16 |

Exhibit C
Page 37

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Bosnia and Herzegovina | | 16-VI-2008 | A | 1-II-2009 | | 1 | |
| Bulgaria | | 23-XI-1999 | A | 1-VIII-2000 | | 3 | D 5,8,10,15,16 |
| Canada | | 26-IX-1988 | A | 1-V-1989 | | 4 | D 5,8,10,11,12,15,16,2 |
| China, People's Republic of | | 6-V-1991 | A | 1-I-1992 | | 8 | D,N 5,8,10,15,16 |
| Croatia | | 28-II-2006 | A | 1-XI-2006 | | 3 | Res,D 5,6,8,9,10,15,16 |
| Cyprus | | 26-X-1982 | A | 1-VI-1983 | | 4 | D 8,10,15,16 |
| Czech Republic | | 28-I-1993 | Su | 1-I-1993 | | 4 | D,Res 8,10,15,29 |
| Denmark | 7-I-1969 | 2-VIII-1969 | R | 1-X-1969 | | 3 | D 10,15,16 |
| Egypt | 1-III-1966 | 12-XII-1968 | R | 10-II-1969 | | 1 | Res 8,10 |
| Estonia | | 2-II-1996 | A | 1-X-1996 | | 1 | D 10,15,16 |
| Finland | 15-XI-1965 | 11-IX-1969 | R | 10-XI-1969 | | 2 | D 2,9,10 |
| France | 12-I-1967 | 3-VII-1972 | R | 1-IX-1972 | 1 | 3 | D 8,15,16 |
| Germany | 15-XI-1965 | 27-IV-1979 | R | 26-VI-1979 | | 3 | D 5,8,10,15,16 |
| Greece | 20-VII-1983 | 20-VII-1983 | R | 18-IX-1983 | | 1 | D 8,10,15 |
| Hungary | | 13-VII-2004 | A | 1-IV-2005 | | 3 | D 2,5,6,8,9,10,15,16 |
| Iceland | | 10-XI-2008 | A | 1-VII-2009 | | 1 | D,Res 10,15,16 |
| India | | 23-XI-2006 | A | 1-VIII-2007 | | 1 | D,Res 10,15,16 |
| Ireland | 20-X-1989 | 5-IV-1994 | R | 4-VI-1994 | | 3 | D,Res 10,15 |
| Israel | 25-XI-1965 | 14-VIII-1972 | R | 13-X-1972 | | 2 | D,Res 10,16 |
| Italy | 25-I-1979 | 25-XI-1981 | R | 24-I-1982 | | 3 | D 5,12 |
| Japan | 12-III-1970 | 28-V-1970 | R | 27-VII-1970 | | 3 | D 10,15 |

Exhibit C
Page 38

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Korea, Republic of | | 13-I-2000 | A | 1-VIII-2000 | | 2 | D,Res 8,10,15 |
| Latvia | | 28-III-1995 | A | 1-XI-1995 | | 4 | D 5,8,10,15 |
| Lithuania | | 2-VIII-2000 | A | 1-VI-2001 | | 1 | D,Res 8,10,15,16 |
| Luxembourg | 27-X-1971 | 9-VII-1975 | R | 7-IX-1975 | | 1 | D,Res 5,8,15,16 |
| Malta | | 24-II-2011 | A | 1-X-2011 | | 1 | D 8,10 |
| Mexico | | 2-XI-1999 | A | 1-VI-2000 | | 1 | D 5,6,8,10,12,15,16 |
| Monaco | | 1-III-2007 | A | 1-XI-2007 | | 2 | D 8,10,15,16 |
| Morocco | | 24-III-2011 | A | 1-XI-2011 | | 1 | |
| Netherlands | 15-XI-1965 | 3-XI-1975 | R | 2-I-1976 | 1 | 5 | D 15,16 |
| Norway | 15-X-1968 | 2-VIII-1969 | R | 1-X-1969 | | 3 | D,Res 8,10,15,16 |
| Poland | | 13-II-1996 | A | 1-IX-1996 | | 4 | Res 8,10 |
| Portugal | 5-VII-1971 | 27-XII-1973 | R | 25-II-1974 | | 2 | D 8,15,16 |
| Romania | | 21-VIII-2003 | A | 1-IV-2004 | | 2 | D 8,16 |
| Russian Federation | | 1-V-2001 | A | 1-XII-2001 | | 4 | D,Res 2,3,5,6,8,9,10,12,15 |
| Serbia | | 2-VII-2010 | A | 1-II-2011 | | 2 | D 5,6,8,10,15,16 |
| Slovakia | | 15-III-1993 | Su | 1-I-1993 | | 4 | D 8,10,15,29 |
| Slovenia | | 18-IX-2000 | A | 1-VI-2001 | | 1 | |
| Spain | 21-X-1976 | 4-VI-1987 | R | 3-VIII-1987 | | 3 | D 15,16 |
| Sri Lanka | | 31-VIII-2000 | A | 1-VI-2001 | | 3 | D 7,8,10,15 |
| Sweden | 4-II-1969 | 2-VIII-1969 | R | 1-X-1969 | | 2 | D 5,10 |
| Switzerland | 21-V-1985 | 2-XI-1994 | R | 1-I-1995 | | 3 | D,Res 1,5,8,10,15 |

Exhibit C
Page 39

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| The former Yugoslav Republic of Macedonia | | 23-XII-2008 | A | 1-IX-2009 | | 1 | D,Res 5,6,8,9,10,15,16,21 |
| Turkey | 11-VI-1968 | 28-II-1972 | R | 28-IV-1972 | | 3 | Res,D 8,10,15,16 |
| Ukraine | | 1-II-2001 | A | 1-XII-2001 | | 3 | D,Res 8,10,15,16 |
| United Kingdom of Great Britain and Northern Ireland | 10-XII-1965 | 17-XI-1967 | R | 10-II-1969 | 14 | 4 | D 2,5,10,15,16,18 |
| United States of America | 15-XI-1965 | 24-VIII-1967 | R | 10-II-1969 | 1 | 1 | D 2,15,16,29 |
| Venezuela | | 29-X-1993 | A | 1-VII-1994 | | 1 | D,Res 5,8,10,1516 |

## Non-Member States of the Organisation (click here for the Members)

| States | S[1] | R/A/Su [2] | Type [3] | EIF [4] | Ext [5] | Auth [6] | Res/D/N [7] |
|---|---|---|---|---|---|---|---|
| Antigua and Barbuda | | 1-V-1985 | Su | 1-XI-1981 | | 1 | |
| Bahamas | | 17-VI-1997 | A | 1-II-1998 | | 1 | |
| Barbados | | 10-II-1969 | A | 1-X-1969 | | 1 | |
| Belize | | 8-IX-2009 | A | 1-V-2010 | | | |
| Botswana | | 10-II-1969 | A | 1-IX-1969 | | 3 | D 5,10,15 |
| Kuwait | | 8-V-2002 | A | 1-XII-2002 | | 3 | D,Res 6,8,9,10,15,16,18 |
| Malawi | | 24-IV-1972 | A | 1-XII-1972 | | 1 | |
| Pakistan | | 7-XII-1988 | A | 1-VIII-1989 | | 3 | D 8,15,16 |
| Saint Vincent and the Grenadines | | 6-I-2005 | Su | 27-X-1979 | | 3 | D 5,10,15 |
| San Marino | | 15-IV-2002 | A | 1-XI-2002 | | 3 | D 8,10,15 |
| Seychelles | | 18-XI-1980 | A | 1-VII-1981 | | 1 | D 8,10,15,16 |

Exhibit C
Page 40

1) S = Signature
2) R/A/Su = Ratification, Accession or Succession
3) Type = R: Ratification;
A: Accession;
A*: Accession giving rise to an acceptance procedure; click on A* for details of acceptances of the accession;
C: Continuation;
Su: Succession;
Den: Denunciation;
4) EIF = Entry into force
5) Ext = Extensions of application
6) Auth = Designation of Authorities
7) Res/D/N = Reservations, declarations or notifications

Exhibit C
Page 41

# EXHIBIT "D"

ALSTON & BIRD, LLP
Michael J. Hartley, Esq. (SBN 189375)
333 South Hope Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 576-1000/Facsimile: (213) 576-1100
Attorney for: Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUELLER INDUSTRIES INC., MUELLER STREAMLINE CO., and B&K INDUSTRIES, INC. PLAINTIFF(S) | CASE NUMBER<br>CV11-03922 JAK (SSx) |
| v. | |
| XIAMEN LOTA INTERNATIONAL CO., LTD, LOTA USA LLC, ALLEN WU, GRACE CHEN, and DOES 1-10 DEFENDANT(S). | **PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |

1. At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the (*specify documents*):

☑ summons ☐ first amended complaint ☐ third party complaint
☑ complaint ☐ second amended complaint ☐ counter claim
☐ alias summons ☐ third amended complaint ☐ cross claim

☑ other: (*specify*): Certificate and Notice of Interested Parties (Local Rule 7.1-1); Civil Cover Sheet; Notice of Assignment to United States Magistrate Judge for Discovery

2. **Person served:**
   a. ☑ Defendant (*name):* XIAMEN LOTA INTERNATIONAL CO., LTD
   b. ☑ Other (*specify name and title or relationship to the party/business named*): Lota USA, LLC, by serving Edith Viray, Chief Financial Officer
   c. ☑ Address where papers were served: 6701 Center Drive West, Suite 525, Los Angeles, California 90045

3. **Manner of Service** in compliance with (one box **must** be checked):
   a. ☑ Federal Rules of Civil Procedure
   b. ☐ California Code of Civil Procedure

4. **I served** the person named in Item 2:
   a. ☑ By **Personal service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.
      1. ☑ **Papers were served on** (*date*): May 11, 2011 at (*time*): 2:15 p.m.
   b. ☐ By **Substituted service.** By leaving copies:
      1. ☐ **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.
      2. ☐ **(business)** or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.
      3. ☐ **papers were served on** (*date*): ____________ at (*time*): ____________.
      4. ☐ **by mailing** (by first-class mail, postage prepaid) copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).
      5. ☐ **papers were mailed on** (*date*): ____________.
      6. ☐ **due diligence.** I made at least three (3) attempts to personally serve the defendant. **(Attach separate declaration regarding due diligence).**
   c. ☐ **Mail and acknowledgment of service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

Exhibit D
Page 42
796857G

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity (F.R.Civ.P. 4(h)) (C.C.P. 416.10).** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity (C.C.P. 415.20 only).** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing (by first-class mail, postage prepaid) copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

Name of person served:

Title of person served:

Date and time of service: (*date*): ______________________ at (*time*): ______________.

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving (name, address and telephone number):

Vartan Demirjyan, Ace Attorney Service, Inc.
811 Wilshire Boulevard, Suite 900
Los Angeles, California 90017
Telephone: (213)623-3979/Fax: (213) 623-7527
Registration: 5576 County: Los Angeles

a. ☐ Fee for service: $
b. ☐ Not a registered California process server
c. ☐ Exempt from registration B&P 22350(b)
d. ☑ Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

May 12, 2011
Date

Signature

Exhibit D
Page 43

796857G