1  BLECHER & COLLINS, P.C.
   Maxwell M. Blecher (State Bar No. 26202)
2     *mblecher@blechercollins.com*
   Gary M. Joye (State Bar No. 11740)
3     *gjoye@blechercollins.com*
   Donald R. Pepperman (State Bar No. 109809)
4     *dpepperman@blechercollins.com*
   Jordan L. Ludwig (State Bar No. 277952)
5     *jludwig@blechercollins.com*
   515 South Figueroa Street, Suite 1750
6  Los Angeles, California  90071-3334
   Telephone: (213) 622-4222
7  Facsimile: (213) 622-1656

8  Attorneys for Plaintiffs

9
   THEODORA ORINGHER PC
10 Allan L. Schare (State Bar No. 126305)
      *aschare@tocounsel.com*
11 Stephen D. Weisskopf (State Bar No. 213596)
      *sweisskopf@tocounsel.com*
12 10880 Wilshire Boulevard, Suite 1700
   Los Angeles, California  90024-4101
13 Telephone:  (310) 557-2009
   Facsimile:  (310) 551-0283
14
   Attorneys for Defendants
15

16
                UNITED STATES DISTRICT COURT
17
              CENTRAL DISTRICT OF CALIFORNIA
18
                    WESTERN DIVISION
19
   MUELLER INDUSTRIES, INC.,        )  Case No. CV 11-03922 JAK (SSx)
20 MUELLER STREAMLINE CO., and      )
   B&K INDUSTRIES, INC.             )  [~~PROPOSED~~] ORDER ENTERING
21                                  )  STIPULATED PROTECTIVE
          vs.                       )  ORDER GOVERNING
22                                  )  CONFIDENTIAL DISCOVERY
   XIAMEN LOTA INTERNATIONAL        )  MATERIALS
23 CO., LTD, LOTA USA LLC,          )
   ALLEN WU, GRACE CHEN , and       )  [Discovery Document: Referred to
24 DOES 1-50,                       )  Magistrate Judge Suzanne H. Segal]
25                                  )
                                    )
26 _____ )  Magistrate Judge: Suzanne H. Segal
                                    )
27
28

                    [~~PROPOSED~~] ORDER

PILED
CLERK, U.S DISTRICT COURT

MAY 1 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

*NOTE CHANGES MADE BY THE COURT*

Upon stipulation of the parties, for good causes shown, the Stipulation and [Proposed] Stipulated Protective Order Governing Confidential Discovery Materials submitted by the parties on May 15, 2012, shall be entered. Any disputes arising out of this Order shall be resolved in accordance with Local Rule 37.

**IT IS SO ORDERED**.

DATED: May 15, 2012

Hon. Suzanne Segal
U.S. Magistrate Judge

BLECHER & COLLINS, P.C.
Maxwell M. Blecher (State Bar No. 26202)
  *mblecher@blechercollins.com*
Gary N. Joye (State Bar No. 11740)
  *gjoye@blechercollins.com*
Donald R. Pepperman (State Bar No. 109809)
  *dpepperman@blechercollins.com*
Jordan L. Ludwig (State Bar No. 277952)
  *jludwig@blechercollins.com*
515 South Figueroa Street, Suite 1750
Los Angeles, California  90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

NOTE CHANGES MADE BY THE COURT

Attorneys for Plaintiffs

THEODORA ORINGHER PC
Allan L. Schare (State Bar No. 126305)
  *aschare@tocounsel.com*
Stephen D. Weisskopf (State Bar No. 213596)
  *sweisskopf@tocounsel.com*
10880 Wilshire Boulevard, Suite 1700
Los Angeles, California  90024-4101
Telephone:  (310) 557-2009
Facsimile:  (310) 551-0283

NOTE CHANGES MADE BY THE COURT

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MUELLER INDUSTRIES, INC., MUELLER STREAMLINE CO., and B&K INDUSTRIES, INC. <br><br> vs. <br><br> XIAMEN LOTA INTERNATIONAL CO., LTD, LOTA USA LLC, ALLEN WU, GRACE CHEN , and DOES 1-50, | Case No. CV 11-03922 JAK (SSx) <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL DISCOVERY MATERIALS <br><br> [Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] <br><br> Magistrate Judge: Suzanne H. Segal |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in the above-captioned civil action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the litigation of this action would be warranted.  Accordingly, plaintiffs MUELLER INDUSTRIES, INC., MUELLER STREAMLINE CO., and B&K INDUSTRIES ("Plaintiffs") and defendants XIAMEN LOTA INTERNATIONAL CO., LTD, LOTA USA LLC, ALLEN WU, and GRACE CHEN ("Defendants," and together with Plaintiffs, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party reasonably believes contains non-public and confidential financial data, proprietary product information, operational information, marketing information, customer information or other sensitive commercial or personal information (including financial) the disclosure of which would create a substantial risk of harm to the commercial or privacy interests of the Designating Party such

1  that said information or tangible things qualify for protection under Federal Rule of
2  Civil Procedure 26(c).

3      2.3    Counsel: Outside Counsel of Record.

4      2.4    Designating Party: a Party or Non-Party that designates
5  information or items that it produces in disclosures or in responses to discovery as
6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
7  ONLY."

8      2.5    Disclosure or Discovery Material: all items or information,
9  regardless of the medium or manner in which it is generated, stored, or maintained
10 (including, among other things, testimony, transcripts, and tangible things), that are
11 produced or generated in disclosures or responses to discovery in this matter.

12     2.6    Expert: a person with specialized knowledge or experience in a
13 matter pertinent to the litigation of this matter who (1) has been retained by a Party
14 or its counsel to serve as an expert witness or as a consultant in this action, (2) is
15 not a current employee of a Party, (3) at the time of retention, is not anticipated to
16 become an employee of a Party and (4) at the time of retention is not an officer,
17 director or employee of a competitor of, supplier to or customer of a Party.

18     2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
19 Information or Items: extremely sensitive "Confidential Information or Items,"
20 disclosure of which to another Party or Non-Party would create a substantial risk of
21 serious harm that could not be avoided by less restrictive means.

22     2.8    Non-Party: any natural person, partnership, corporation,
23 association, or other legal entity not named as a Party to this action.

24     2.9    Outside Counsel of Record: attorneys who are not employees of
25 a party to this action but are retained to represent or advise a party to this action
26 and have appeared in this action on behalf of that party or are affiliated with a law
27 firm which has appeared on behalf of that party.

28     2.10   Party: any party to this action, including all of its officers,

2

1   directors, employees, consultants, retained experts, and Outside Counsel of Record
2   (and their support staffs).

3        2.11   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure
4   or Discovery Material in this action.

5        2.12   <u>Professional Vendors</u>: persons or entities that provide litigation
6   support services (e.g., photocopying, videotaping, translating, preparing exhibits or
7   demonstrations, and organizing, storing, or retrieving data in any form or medium)
8   and their employees and subcontractors.

9        2.13   <u>Protected Material</u>: any Disclosure or Discovery Material that is
10  designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –
11  ATTORNEYS' EYES ONLY."

12       2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery
13  Material from a Producing Party.

14     3.   <u>SCOPE</u>

15      The protections conferred by this Stipulation and Order cover not only
16  Protected Material (as defined above), but also (1) any information copied or
17  extracted from Protected Material; (2) all copies, excerpts, summaries, or
18  compilations of Protected Material; and (3) any testimony, conversations, or
19  presentations by Parties or their Counsel that might reveal Protected Material.  The
20  protections, however, conferred by this Stipulation and Order do not cover the
21  following information: (a) any information that is in the public domain at the time
22  of disclosure to a Receiving Party or becomes part of the public domain after its
23  disclosure to a Receiving Party as a result of publication not involving a violation
24  of this Order, including becoming part of the public record through trial or
25  otherwise; and (b) any information known to the Receiving Party prior to the
26  disclosure or obtained by the Receiving Party after the disclosure from a source
27  who obtained the information lawfully and under no obligation of confidentiality to
28  the Designating Party. Any use of Protected Material at trial shall be governed by a

separate agreement or order.

4.   DURATION

Even after final disposition of this matter, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  The designation by any Designating Party of any Disclosure or Discovery Material as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall constitute a representation that such Disclosure or Discovery Material has been reviewed by Counsel for the Designating Party, or by a paralegal member of counsel's staff acting under Counsel's supervision, and that there is a valid basis for such designation.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

4

1  encumber or retard the case development process or to impose unnecessary

2  expenses and burdens on other parties) expose the Designating Party to sanctions.

3      If it comes to a Designating Party's attention that information or items that it

4  designated for protection do not qualify for protection at all or do not qualify for

5  the level of protection initially asserted, that Designating Party must promptly

6  notify all other Parties that it is withdrawing the mistaken designation.

7      5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise

8  provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as

9  otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

10  protection under this Order must be clearly so designated before the material is

11  disclosed or produced.

12      Designation in conformity with this Order requires:

13      (a)  <u>for information in documentary form</u> (e.g., paper or electronic

14  documents, but excluding transcripts of depositions or other pretrial or trial

15  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

17  contains protected material.  If only a portion or portions of the material on a page

18  qualifies for protection, the Producing Party also must clearly identify the

19  protected portion(s) (e.g., by making appropriate markings in the margins) and

20  must specify, for each portion, the level of protection being asserted.  Where it is

21  not practicable for a Designating Party to affix a confidentiality designation to

22  electronic or native documents, written notification by a Designating Party that it is

23  producing Discovery Material as "CONFIDENTIAL" or "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall suffice to require the

25  treatment of such documents under the terms of this Protective Order.

26      A Party or Non-Party that makes original documents or materials available

27  for inspection need not designate them for protection until after the inspecting

28  Party has indicated which material it would like copied and produced.  During the

5

1   inspection and before the designation, all of the material made available for
2   inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
3   ONLY." After the inspecting Party has identified the documents it wants copied
4   and produced, the Producing Party must determine which documents, or portions
5   thereof, qualify for protection under this Order. Then, before producing the
6   specified documents, the Producing Party must affix the appropriate legend
7   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
8   ONLY") to each page that contains Protected Material. If only a portion or
9   portions of the material on a page qualifies for protection, the Producing Party also
10  must clearly identify the protected portion(s) (e.g., by making appropriate
11  markings in the margins) and must specify, for each portion, the level of protection
12  being asserted.

13        (b)   for testimony given in deposition or in other pretrial or trial
14  proceedings, that the Designating Party identify on the record, before the close of
15  the deposition, hearing, or other proceeding, all protected testimony and specify
16  the level of protection being asserted. When it is impractical to identify separately
17  each portion of testimony that is entitled to protection and it appears that
18  substantial portions of the testimony may qualify for protection, the Designating
19  Party may invoke on the record (before the deposition, hearing, or other
20  proceeding is concluded) a right to have up to 21 days to identify the specific
21  portions of the testimony as to which protection is sought and to specify the level
22  of protection being asserted. Only those portions of the testimony that are
23  appropriately designated for protection within the 21 days shall be covered by the
24  provisions of this Stipulated Protective Order. Alternatively, a Designating Party
25  may specify, at the deposition or up to 21 days afterwards if that period is properly
26  invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or
27  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

28        Parties shall give the other parties notice if they reasonably expect a

6

1  deposition, hearing or other proceeding to include Protected Material so that the
2  other parties can ensure that only authorized individuals who have signed the
3  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
4  proceedings. The use of a document as an exhibit at a deposition shall not in any
5  way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
6  – ATTORNEYS' EYES ONLY."

7        Transcripts containing Protected Material shall have an obvious legend on
8  the title page that the transcript contains Protected Material, and the title page shall
9  be followed by a list of all pages (including line numbers as appropriate) that have
10 been designated as Protected Material and the level of protection being asserted by
11 the Designating Party. The Designating Party shall inform the court reporter of
12 these requirements. Any transcript that is prepared before the expiration of a 21-
13 day period for designation shall be treated during that period as if it had been
14 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its
15 entirety unless otherwise agreed. After the expiration of that period, the transcript
16 shall be treated only as actually designated.

17       (c)    for information produced in some form other than documentary
18 and for any other tangible items, that the Producing Party affix in a prominent
19 place on the exterior of the container or containers in which the information or
20 item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
21 ATTORNEYS' EYES ONLY." If only a portion or portions of the information or
22 item warrant protection, the Producing Party, to the extent practicable, shall
23 identify the protected portion(s) and specify the level of protection being asserted.

24       5.3   Inadvertent Failures to Designate. If timely corrected, an
25 inadvertent failure to designate qualified information or items as
26 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
27 ONLY" shall not waive the Designating Party's right to secure protection under
28 this Order for such material. Upon timely correction of a designation, the

1  Receiving Party shall thereafter mark and treat materials so designated as
2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
3  ONLY" as the case may be, and such materials shall be fully subject to this
4  Protective Order as if they had been initially so designated.  A person disclosing
5  Discovery Material that is subsequently designated as "Confidential Information"
6  or "Highly Confidential Information – Attorneys' Eyes Only" shall in good faith
7  assist the Designating Party in retrieving such Discovery Material from all
8  recipients not entitled to receive such Discovery Material under the terms of this
9  Protective Order and prevent further disclosures except as authorized under the
10 terms of this Protective Order.

11     6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

12        6.1     Timing of Challenges. Any Party or Non-Party may challenge a
13 designation of confidentiality at any time. Unless a prompt challenge to a
14 Designating Party's confidentiality designation is necessary to avoid foreseeable,
15 substantial unfairness, unnecessary economic burdens, or a significant disruption
16 or delay of the litigation, a Party does not waive its right to challenge a
17 confidentiality designation by electing not to mount a challenge promptly after the
18 original designation is disclosed. *according to L.R. 37*

19        6.2     Meet and Confer. The Challenging Party shall initiate the
20 dispute resolution process ~~by providing written notice of each designation~~ it is
21 ~~challenging and describing the basis for each challenge. To avoid ambiguity~~ as to
22 ~~whether a challenge has been made, the written notice must recite that~~ the
23 ~~challenge to confidentiality is being made in accordance with this specific~~
24 ~~paragraph of the Protective Order.~~ The parties shall attempt to resolve each
25 ~~challenge in good faith and must begin the process by conferring directly (in voice~~
26 ~~to voice dialogue; other forms of communication are not sufficient) within 14 days~~
27 ~~of the date of service of notice.~~ In conferring, the Challenging Party must explain
28 the basis for its belief that the confidentiality designation was not proper and must

1  give the Designating Party an opportunity to review the designated material, to

2  reconsider the circumstances, and, if no change in designation is offered, to explain

3  the basis for the chosen designation.  A Challenging Party may proceed to the next

4  stage of the challenge process only if it has engaged in this meet and confer

5  process first or establishes that the Designating Party is unwilling to participate in

6  the meet and confer process in a timely manner.

7       6.3   Judicial Intervention.  If the Parties cannot resolve a challenge

8  without court intervention, the Designating Party shall serve the Challenging Party

9  with a Joint Stipulation, containing the Designating Party's portions, under Civil

10  Local Rule 37-2.2 (and in compliance with Civil Local Rule 79-5, if applicable)

11  within 28 days of the initial notice of challenge or within 14 days of the parties

12  agreeing that the meet and confer process will not resolve their dispute, whichever

13  is earlier.  Each such Joint Stipulation must be accompanied by a competent

14  declaration affirming that the Designating Party has complied with the meet and

15  confer requirements imposed in the preceding paragraph.  Failure by the

16  Designating Party to provide the Challenging Party with a Joint Stipulation

17  containing the Designating Party's portions, including the required declaration,

18  within 28 days (or 14 days, if applicable) shall automatically waive the

19  confidentiality designation for each challenged designation, unless the parties

20  agree otherwise.  In addition, the Challenging Party may initiate a motion

21  challenging a confidentiality designation by supplying the Designating Party with a

22  Joint Stipulation containing the Challenging Party's portions, under Civil Local

23  Rule 37-2.2, at any time after the parties have agreed that the meet and confer

24  process will not resolve their dispute, if there is good cause for doing so, including

25  a challenge to the designation of a deposition transcript or any portions thereof.

26  Any motion brought pursuant to this provision must be accompanied by a

27  competent declaration affirming that the Challenging Party has complied with the

28  meet and confer requirements imposed by the preceding paragraph.

9

1    The burden of persuasion in any such challenge proceeding shall be on the

2    Designating Party.  Frivolous challenges and those made for an improper purpose

3    (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

4    expose the Challenging Party to sanctions.  Unless the Designating Party has

5    waived the confidentiality designation by failing to serve a Joint Stipulation

6    pursuant to Local-Rule 37-2.2, all parties shall continue to afford the material in

7    question the level of protection to which it is entitled under the Producing Party's

8    designation until the court rules on the challenge.

9         7.    ACCESS TO AND USE OF PROTECTED MATERIAL

10             7.1    Basic Principles.  A Receiving Party may use Protected

11   Material that is disclosed or produced by another Party or by a Non-Party in

12   connection with this action only for prosecuting, defending, or attempting to settle

13   this action.  Such Protected Material may be disclosed only to the categories of

14   persons and under the conditions described in this Order.  When the litigation of

15   this action has been terminated, a Receiving Party must comply with the provisions

16   of section 13 below (FINAL DISPOSITION).  Protected Material must be stored

17   and maintained by a Receiving Party at a location and in a secure manner that

18   ensures that access is limited to the persons authorized under this Order.

19             7.2    Additional Parties.  In the event additional persons or entities

20   become Parties to this action, none of such Parties' counsel, experts or expert

21   consultants retained to assist said counsel, shall have access to "CONFIDENTIAL"

22   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

23   produced by or obtained from any Designating Party until said Party has executed

24   and served on the Designating Party its agreement to be fully bound by this

25   Protective Order.  No "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26   ATTORNEYS' EYES ONLY" Discovery Material may be provided to such

27   Parties' counsel, experts or expert consultants unless and until such person has

28   executed a Declaration of Compliance substantially in the form attached to this

1  Protective Order as Exhibit A, and such Declaration of Compliance has been

2  served on counsel for all Parties.

3      7.3    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

4  otherwise ordered by the Court or permitted in writing by the Designating Party, a

5  Receiving Party may disclose any information or item designated

6  "CONFIDENTIAL" only to:

7          (a)    the Receiving Party's Outside Counsel of Record in this action,

8  as well as employees of said Outside Counsel of Record to whom it is reasonably

9  necessary to disclose the information for the litigation of these matters;

10          (b)    the officers, directors, and employees of the Receiving Party to

11  whom disclosure is reasonably necessary for the litigation of these matters and

12  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13          (c)    Experts (as defined in this Order) of the Receiving Party to

14  whom disclosure is reasonably necessary for the litigation of these matters and

15  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16          (d)    the Court and its personnel, including court reporters and their

17  staff;

18          (e)    professional jury or trial consultants to whom disclosure is

19  reasonably necessary for the litigation of these matters and who have signed the

20  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21          (f)    mock jurors to whom disclosure is reasonably necessary for the

22  litigation of these matters and who have signed either the "Acknowledgment and

23  Agreement to Be Bound" (Exhibit A) or a simplified, precisely tailored

24  Undertaking that the Parties agree in a separate writing to use for mock jurors;

25          (g)    Professional Vendors to whom disclosure is reasonably

26  necessary for the litigation of these matters and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28          (h)    Party employees (1) who have no involvement in competitive

11

1    decisionmaking, (2) to whom disclosure is reasonably necessary for the purposes
2    of collecting, producing, scanning, imaging, or databasing Discovery Material for
3    the litigation of these matters, and (3) who have signed the "Acknowledgment and
4    Agreement to Be Bound" (Exhibit A); provided, however, that these party
5    employees shall have access to "CONFIDENTIAL" information solely for the
6    purpose of processing such materials for inclusion in databases for review by other
7    persons to whom access to "CONFIDENTIAL" information is permitted by this
8    Order;

9         (i)     during their depositions, witnesses in the actions to whom
10   disclosure is reasonably necessary and who have signed the "Acknowledgment and
11   Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating
12   Party or ordered by the court.  Pages of transcribed deposition testimony or
13   exhibits to depositions that reveal Protected Material must be separately bound by
14   the court reporter and may not be disclosed to anyone except as permitted under
15   this Stipulated Protective Order; and

16        (j)     the author or recipient of a document containing the
17   information or a custodian or other person who otherwise possessed or knew the
18   information.

19        7.4    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'
20   EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or
21   permitted in writing by the Designating Party, a Receiving Party may disclose any
22   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
23   EYES ONLY" only to:

24        (a)     the Receiving Party's Outside Counsel of Record in this action,
25   as well as employees of said Outside Counsel of Record to whom it is reasonably
26   necessary to disclose the information for the litigation of these matters;

27        (b)     Experts of the Receiving Party to whom disclosure is
28   reasonably necessary for the litigation of these matters and who have signed the

12

1   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2          (c)    the Court and its personnel, including court reporters and their

3   staff;

4          (d)    professional jury or trial consultants to whom disclosure is

5   reasonably necessary for the litigation of these matters and who have signed the

6   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7          (e)    mock jurors to whom disclosure is reasonably necessary for the

8   litigation of these matters and who have signed either the "Acknowledgment and

9   Agreement to Be Bound" (Exhibit A) or a simplified, precisely tailored

10   Undertaking that the Parties agree in a separate writing to use for mock jurors;

11          (f)    Professional Vendors to whom disclosure is reasonably

12   necessary for the litigation of these matters and who have signed the

13   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14          (g)    Party employees (1) who have no involvement in competitive

15   decisionmaking, (2) to whom disclosure is reasonably necessary for the purposes

16   of collecting, producing, scanning, imaging, or databasing Discovery Material for

17   the litigation of these matters, and (3) who have signed the "Acknowledgment and

18   Agreement to Be Bound" (Exhibit A); provided, however, that these party

19   employees shall have access to "HIGHLY CONFIDENTIAL – ATTORNEYS'

20   EYES ONLY" information solely for the purpose of processing such materials for

21   inclusion in databases for review by other persons to whom access to "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is permitted by

23   this Order;

24          (h)    during their depositions, witnesses in the actions to whom

25   disclosure is reasonably necessary and who have signed the "Acknowledgment and

26   Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

27   Party or ordered by the court.  Pages of transcribed deposition testimony or

28   exhibits to depositions that reveal Protected Material must be separately bound by

1   the court reporter and may not be disclosed to anyone except as permitted under

2   this Stipulated Protective Order; and

3             (i)      the author or recipient of a document containing the

4   information or a custodian or other person who otherwise possessed or knew the

5   information.

6       8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED

7              PRODUCED IN OTHER LITIGATION

8       If a Party is served with a subpoena or a court order issued in other litigation

9   that compels disclosure of any information or items designated in this action as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY" that Party must:

12            (a)      promptly notify in writing the Designating Party. Such

13  notification shall include a copy of the subpoena or court order;

14            (b)      promptly notify in writing the party who caused the subpoena

15  or order to issue in the other litigation that some or all of the material covered by

16  the subpoena or order is subject to this Protective Order.  Such notification shall

17  include a copy of this Stipulated Protective Order; and

18            (c)      cooperate with respect to all reasonable procedures sought to be

19  pursued by the Designating Party whose Protected Material may be affected.  If the

20  Designating Party timely seeks a protective order, the Party served with the

21  subpoena or court order shall not produce any information designated in this action

22  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" before a determination by the court from which the subpoena or order

24  issued, unless the Party has obtained the Designating Party's permission.   The

25  Designating Party shall bear the burden and expense of seeking protection in that

26  court of its confidential material – and nothing in these provisions should be

27  construed as authorizing or encouraging a Receiving Party in this action to disobey

28  a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
        PRODUCED IN THE LITIGATION OF THIS MATTER

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with the litigation of these matters, whether pursuant to subpoena or by agreement, is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party

15

1  shall bear the burden and expense of seeking protection in this Court of its
2  Protected Material.

3       10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL
4       If a Receiving Party learns that, by inadvertence or otherwise, it has
5  disclosed Protected Material to any person or in any circumstance not authorized
6  under this Stipulated Protective Order, the Receiving Party must immediately (a)
7  notify in writing the Designating Party of the unauthorized disclosures, (b) use its
8  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform
9  the person or persons to whom unauthorized disclosures were made of all the terms
10 of this Order, and (d) request such person or persons to execute the
11 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
12 A.

13       11.   INADVERTENT PRODUCTION OF PRIVILEGED OR
14             OTHERWISE PROTECTED MATERIAL
15       Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent
16 disclosure of protected communications or information shall not constitute a
17 waiver of any privilege or other protection (including work product) if the
18 Producing Party took reasonable steps to prevent disclosure and also took
19 reasonable steps to rectify the error in the event of an inadvertent disclosure.  The
20 Producing Party will be deemed to have taken reasonable steps to prevent
21 communications or information from inadvertent disclosure if that party utilized
22 either attorney screening, keyword search term screening, advanced analytical
23 software applications and/or linguistic tools in screening for privilege, work
24 product or other protection.  In the event of the inadvertent disclosure of protected
25 materials, the Producing Party shall be deemed to have taken reasonable steps to
26 rectify the error of the disclosure if, within thirty (30) days from the date that the
27 inadvertent disclosure was discovered or brought to the attention of the producing
28 party, the Producing Party notifies the Receiving Party of the inadvertent

1  disclosure and instructs the Receiving Party to promptly sequester, return, delete,

2  or destroy all copies of the inadvertently produced communications or information

3  (including any and all work product containing such communications or

4  information). Upon receiving such a request from the Producing Party, the

5  Receiving Party shall promptly sequester, return, delete, or destroy all copies of

6  such inadvertently produced communications or information (including any and all

7  work product containing such communications or information), and shall make no

8  further use of such communications or information (or work product containing

9  such communications or information).

10       If, at any time, the Receiving Party encounters Discovery Material that it

11  believes may be subject to a claim of privilege or other protection (including work

12  product) covered by the terms of this Paragraph, the Receiving Party shall notify

13  the Producing Party in writing, specifically identifying the Discovery Material in

14  question.

15       Nothing herein shall prevent the Receiving Party from challenging the

16  propriety of the attorney-client, work product or other designation of protection.

17       12.   MISCELLANEOUS

18       12.1  Right to Further Relief. Nothing in this Order abridges the

19  right of any person to seek its modification by the Court in the future.

20       12.2  Right to Assert Other Objections. By stipulating to the entry of

21  this Protective Order no Party waives any right it otherwise would have to object to

22  disclosing or producing any information or item on any ground not addressed in

23  this Stipulated Protective Order. Similarly, no Party waives any right to object on

24  any ground to use in evidence of any of the material covered by this Protective

25  Order.

26       12.3  Filing Protected Material. Without written permission from the

27  Designating Party or a court order secured after appropriate notice to all interested

28  persons, a Party may not file in the public record in this action any Protected

1  Material.  A Party that seeks to file under seal any Protected Material must comply

2  with Civil Local Rule 79-5.  Protected Material may only be filed under seal

3  pursuant to a court order authorizing the sealing of the specific Protected Material

4  at issue.  ~~Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a~~

5  ~~request establishing that the Protected Material at issue is privileged, protectable as~~

6  ~~a trade secret, or otherwise entitled to protection under the law.  If a Receiving~~

7  ~~Party's request to file Protected Material under seal is denied by the Court, then the~~

8  ~~Receiving Party may file the Protected Material in the public record unless~~

9  ~~otherwise instructed by the Court.~~

10      13.    FINAL DISPOSITION

11          Within 60 days after the final disposition of this action, as defined in

12  paragraph 4, each Receiving Party must return all Protected Material to the

13  Producing Party or destroy such material.  As used in this subdivision, "all

14  Protected Material" includes all copies, abstracts, compilations, summaries, and

15  any other format reproducing or capturing any of the Protected Material.  Whether

16  the Protected Material is returned or destroyed, the Receiving Party must submit a

17  written certification to the Producing Party (and, if not the same person or entity, to

18  the Designating Party) by the 60 day deadline that (1) identifies (by category,

19  where appropriate) all the Protected Material that was returned or destroyed and

20  (2) affirms that the Receiving Party has not retained any copies, abstracts,

21  compilations, summaries or any other format reproducing or capturing any of the

22  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

23  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

24  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

25  reports, attorney work product, and consultant and expert work product, even if

26  such materials contain Protected Material.  Any such archival copies that contain

27  or constitute Protected Material remain subject to this Protective Order as set forth

28  in Section 4 (DURATION).

14. GOOD CAUSE STATEMENT

Disclosure and discovery activity in the above-captioned civil action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the litigation of this action would be warranted. The confidential, proprietary, or private information is likely to include sales documents, customer lists, business strategies, competitively sensitive pricing information, trade secrets, employment records, and other competitively sensitive documents of a similar nature.

IT IS SO STIPULATED, THROUGH THE UNDERSIGNED COUNSEL OF RECORD.

Dated: May 14, 2012        BLECHER & COLLINS, P.C.
                           MAXWELL M. BLECHER
                           GARY M. JOYE
                           DONALD R. PEPPERMAN
                           JORDAN L. LUDWIG


                           By:   /s/ Maxwell M. Blecher
                                 MAXWELL M. BLECHER
                                 Attorneys for Plaintiffs


Dated: May 14, 2012        THEODORA ORINGHER, P.C.
                           ALLAN L. SCHARE
                           STEPHEN D. WEISSKOPF


                           By:   /s/ Allan L. Schare
                                 ALLAN L. SCHARE
                                 Attorneys for Defendants


19

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____ [date] In *Mueller Industries,*

*Inc., Mueller Streamline Co., and B&K Industries v. Xiamen Lota International*

*Co., Ltd, Lota USA LLC, Allen Wu, Grace Chen, et al.,* agree to comply with and

be bound by all terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____
                             [printed name]

Signature: _____
                      [signature]